Debtor    Lumileds Holding B.V. _____    Case number *(if known)* _____
Name

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of New York**
(State)

Case number *(if known):* _____    Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| 1. **Debtor's Name** | **Lumileds Holding B.V.** | |
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | **N/A** | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | **Netherlands Tax ID No. 8544.84.334** | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **Evert van de Beekstraat 1** | **370 W. Trimble Road** |
| Number    Street | Number    Street |
| **The Base, Tower B5 Unit 107** | |
| **Schiphol    The Netherlands    1118 CL** | **San Jose    CA    95131** |
| City    State    Zip Code | City    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| County | Number    Street |
| | City    State    Zip Code |

5. **Debtor's website** (URL)    [www.lumileds.com](www.lumileds.com)

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor ____Lumileds Holding B.V._____     Case number *(if known)* _____
       Name

| | |
|---|---|
| **7.  Describe debtor's business** | **A.** *Check One:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3351 (Electric Lighting Equipment Manufacturing)**

| | |
|---|---|
| **8.  Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |

*Check One:*
☐ Chapter 7
☐ Chapter 9
☒ Chapter 11.  *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the ***Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11*** (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | |
|---|---|
| **9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** <br><br> If more than 2 cases, attach a separate list. | ☒ No <br> ☐ Yes   District _____ When _____ Case number _____ <br>                                      MM/DD/YYYY <br>             District _____ When _____ Case number _____ <br>                                      MM/DD/YYYY |

| | |
|---|---|
| **10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ☒ Yes   Debtor   **See Rider 1**      Relationship   **Affiliate** <br>            District   **Southern District of New York** <br>                                          When:   **Contemporaneously** <br>            Case number, if known _____                  MM / DD / YYYY |

Debtor    Lumileds Holding B.V.                                    Case number *(if known)*
          _____                             _____
          Name

---

**11. Why is the case filed in *this* district?**    *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                              State    Zip Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency      _____

Contact name      _____

Phone      _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☒ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☒ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

Debtor    Lumileds Holding B.V.                                    Case number (if known)
_____
Name

**16. Estimated liabilities**

☐ $0-$50,000                ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000          ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000         ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million       ☒ $100,000,001-$500 million    ☐ More than $50 billion

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --**    Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **08 / 29 / 2022**
MM/ DD / YYYY

✗    **/s/  Johannes Paulus Teuwen**                         **Johannes Paulus Teuwen**
Signature of authorized representative of debtor              Printed name

Title    **Chief Financial Officer**

**18. Signature of attorney**    ✗    **/s/ George A. Davis**                 Date    **08 / 29 / 2022**
Signature of attorney for debtor                          MM/DD/YYYY

**George A. Davis**

**Latham & Watkins LLP**
Firm name

**1271 Avenue of the Americas**
Number                Street

**New York**                                              **NY**        **10020**
City                                                      State        ZIP Code

**(212) 906-1200**                                        **George.Davis@lw.com**
Contact phone                                            Email address

**2401214**                          **NY**
Bar number                           State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of New York**

(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "***Debtors***") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of **Lumileds Holding B.V.**

| COMPANY |
| --- |
| Lumileds Holding B.V. |
| Aegletes B.V. |
| Aurora Borealis B.V. |
| Bright Bidco B.V. |
| Lumileds International B.V. |
| Lumileds LLC |
| Lumileds Netherlands B.V. |
| Lumileds Subholding B.V. |
| Lumileds USA (Holding) Corp. |
| Luminescence Coöperatief U.A. |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 22-_____(___) |
| Lumileds Holding B.V. | ) |
| | ) |
| Debtor. | ) |
| | ) |

### LIST OF EQUITY SECURITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "***Debtor***") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐    There are no equity security holders or corporations that directly or indirectly own 10% or more  of any class of the Debtor's equity interest.

☒    The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Lumileds Subholding B.V.<br>The Base, Tower B5 Unit 107<br>Evert van de Beekstraat 1<br>1118 CL, Schiphol, The Netherlands | | 100% |

---

[1] This list serves as the required disclosure by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Chapter 11 Cases.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| Lumileds Holding B.V. | Case No. 22-_____(___) |
| | |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**

       Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Lumileds Subholding B.V.<br>The Base, Tower B5 Unit 107<br>Evert van de Beekstraat 1<br>1118 CL, Schiphol, The Netherlands | 100% |

Fill in this information to identify the case and this filing:

Debtor Name **Lumileds Holding B.V.**

United States Bankruptcy Court for the:         **Southern District of New York**

(State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐   Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐   Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐   Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐   Schedule H: Codebtors *(Official Form 206H)*

☐   Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐   Amended Schedule _____

☒   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒   Other document that requires a declaration__**List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **08 / 29 / 2022** | ☒ */s/  Johannes Paulus Teuwen* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Johannes Paulus Teuwen** |
| | Printed name |
| | **Chief Financial Officer** |
| | Position or relationship to debtor |

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:    Lumileds Holding B.V. |
| United States Bankruptcy Court for the:    Southern District of New York |
| Case Number (If known): |

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1    UWV LA GUARDIAWEG 94-114 AMSTERDAM  1043 DL NETHERLANDS | CONTACT: NATHALIE VAN BERKEL, BOARD OF DIRS PHONE: +31888982001 | TAX | | | | $2,272,184.13 |
| 2    LBA RVI-COMPANY I, LP 3347 MICHELSON DRIVE ,SUITE 200 IRVINE, CA  92612 | CONTACT: BRAD NEGLIA, PRINCIPAL PHONE: 949833-0400 | TRADE PAYABLE | | | | $1,772,664.69 |
| 3    ATOS NEDERLAND B.V. BURG RIJNDERSLAAN 30 AMSTELVEEN  1185 MC NETHERLANDS | CONTACT: NOURDINE BIHMANE, GROUP CEO PHONE: +310882655555 | TRADE PAYABLE | | | | $901,971.89 |
| 4    VERSUM MATERIALS 7350 TILGHMAN STREET NUMBER 104 ALLENTOWN, PA  18106-9000 | CONTACT: NATALIE CHIDESTER-INSIDE SALES REP. PHONE: 1 800 837 2724; 2675204817 NATALIE.CHIDESTER@EMDGROUP.COM | TRADE PAYABLE | | | | $658,115.08 |
| 5    JIANGXI JINGNENG SEMICONDUCTOR CO., LTD. NO. 699 AIXI NORTH ROAD NANCHANG CHINA | CONTACT: GAOPING PHONE: 0791-88158617-5072 GAOPING@LATTICEPOWER.COM | TRADE PAYABLE | | | | $597,737.00 |
| 6    MICROSOFT CORPORATION ONE MICROSOFT WAY REDMOND, WA  98052-6399 | CONTACT: SATYA NADELLA, CEO PHONE: 425882-8080 FAX: 425706-7929 DAARTHUR@MICROSOFT.COM | TRADE PAYABLE | | | | $536,548.25 |

Debtor: Lumileds Holding B.V.                                            Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7   PACIFIC GAS ELECTRIC 300 LAKESIDE DRIVE OAKLAND, CA 94612 | CONTACT: PATRICIA K POPPE, CEO PHONE: 800-743-5000 CUSTOMERSERVICEONLINE@ PGE.COM | UTILITY | | | | $498,749.65 |
| 8   BT AMERICAS INC 8951 CYPRESS WATERS BLVD SUITE 200 DALLAS, TX 75019 | CONTACT: LORRAINE BADYNA PHONE: 215-917-1479 LORRAINE.BADYNA@BT.COM | TRADE PAYABLE | | | | $467,615.19 |
| 9   DXC TECHNOLOGY SERVICES LLC 1775 TYSONS BLVD MC LEAN, VA 22102 | CONTACT: ALYSSA ADAMS CLAVIN PHONE: 602-920-1551 JUAN.MATA@DXC.COM | TRADE PAYABLE | | | | $395,219.82 |
| 10  VALLEN DISTRIBUTION INC 1460 TOBIAS GADSON BLVD CHARLESTON, SC 29407 | CONTACT: FLORES NORMA-VALLEN BUYER PHONE: 408.964.2630; 8437461260 FAX: 843746-1289 SANJOSESITE@VALLEN.COM | TRADE PAYABLE | | | | $360,609.67 |
| 11  IPAN GMBH N/K/A CLARIVATE 3133 W FRYE RD, STE 401 CHANDLER, AZ 85226 | CONTACT: JERRE STEAD, CEO PHONE: (267) 876-577; 4806605100 PATENTS.IPAN@CPAGLOBAL. COM | TRADE PAYABLE | | | | $299,845.09 |
| 12  SIEMENS INDUSTRY SOFTWARE INC. 5800 GRANITE PARKWAY SUITE 600 PLANO, TX 75024-6612 | CONTACT: STEVE SHAFFER PHONE: 704-227-6755 FAX: 678297-8316 NAARA.NUNO@SIEMENS.CO M | TRADE PAYABLE | | | | $299,662.77 |
| 13  SHINING BLICK ENTERPRISES CO., 10FL-2 NO. 197, SEC. 4 CHUNG HSIAO TAIPEI 106 TAIWAN | CONTACT: JESSAMINE LIN PHONE: 88622731-2862 FAX: 88622721-1593 BLICK@BLICK.COM.TW | TRADE PAYABLE | | | | $298,915.17 |
| 14  WORKDAY LIMITED 152-155 KINGS BUILDING CHURCH ST DUBLIN  D7 IRELAND | CONTACT: ANEEL BHUSRI, CO-CEO PHONE: +4402071506200 FAX: +4402071550401 | TRADE PAYABLE | | | | $290,417.83 |
| 15  EUROFINS EAG MATERIALS SCIENCE, LLC 810 KIFER RD SUNNYVALE, CA 94086-5203 | CONTACT: ANNALOU ORANTE PHONE: 1 408-530-3500 PO@EAG.COM | TRADE PAYABLE | | | | $263,811.00 |
| 16  PREMATECH ADVANCED CERAMICS 160 GODDARD MEMORIAL DRIVE WORCESTER, MA 01603-1260 | CONTACT: ELLEN COSLTELLO-ACCOUNT REP PHONE: 508791-9549 FAX: 508793-9814 SOUELLETTE@PREMATECHA C.COM | TRADE PAYABLE | | | | $230,000.00 |

Debtor: Lumileds Holding B.V.                                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17  FREIBERGER COMPOUND MATERIALS GMBH AM JUNGER-LOWE-SCHACHT 5 FREIBERG  09599 GERMANY | CONTACT: ANKE WODTKE PHONE: 49 3731 280 712 FAX: 49373128-0106 AWODTKE@FCM-GERMANY.COM | TRADE PAYABLE | | | | $229,500.00 |
| 18  AIXTRON INC 15 WYATT DRIVE SUITE SANTA CLARA, CA  95054 | CONTACT: PATRICIA TAHA-SALES REP. PHONE: 49 (02407) 9030-844 FAX: 49240790-3040 AIXTRONINC.PARTS@AIXTRON.COM | TRADE PAYABLE | | | | $209,581.92 |
| 19  SECURE WORKS, INC. SUITE 500 ONE CONCOURSE PKWY, ATLANTA, GA  30328 | CONTACT: DEAN DYER PHONE: 4152791600 DDYER@SECUREWORKS.COM | TRADE PAYABLE | | | | $209,102.58 |
| 20  SHIN-ETSU CHEMICAL CO. LTD 2-6-1, OHTEMACHI CHIYODA-KU  100-0004 JAPAN | CONTACT: E.MATSUNAGA-SALES REP. PHONE: 813-5962-9781 FAX: 8136812-2414 ASANO@SMISJ.COM | TRADE PAYABLE | | | | $193,112.00 |
| 21  NTT DATA, INC. 100 CITY SQUARE BOSTON, MA  02129 | CONTACT: ANAND AGARWAL PHONE: 4084551172 SUDHEER.CHEEDELLA@NTTDATA.COM | TRADE PAYABLE | | | | $191,436.08 |
| 22  ILJIN DISPALY CO., LTD. 157 DAEGUEM-RO, DAESO-MYEON EUMGSUNG-GUN, CHUNG-BUK  27659 KOREA | CONTACT: EDDIE CHO PHONE: 43879-4747 FAX: 43879-4877 YONGHYUN.CHO@ILJIN.CO.KR | TRADE PAYABLE | | | | $186,054.00 |
| 23  LINKEDIN 2029 STIERLIN COURT MOUNTAIN VIEW, CA  94043 | CONTACT: LUCAS VAN OMMEN PHONE: +353 (86) 064 8796 PPO-NOREPLY@LINKEDIN.COM | TRADE PAYABLE | | | | $180,352.75 |
| 24  ADECCO TECHNICAL 5700 GRANITE PKWY PLANO, TX  75024-662 | CONTACT: MORGAN ISCH, BUSINESS MGR PHONE: 8665280707; 6318447800 FAX: 631844-7614 ARLEEN.GALLAGHER@ADECCONA.COM | TRADE PAYABLE | | | | $176,249.49 |
| 25  NOURYON FUNCTIONAL CHEMICALS LLC 525 WEST VAN BUREN CHICAGO, IL  60607-3845 | CONTACT: TODD DANN-ACCOUNT MANAGER PHONE: +1(978) 317-3280 TODD.DANN@NOURYON.COM | TRADE PAYABLE | | | | $170,345.00 |
| 26  NATIONAL PRONTO ASSOCIATION 2601 HERLTAGE AVENUE GRAPEVINE, TX  76051 | CONTACT: ROBERT ROOS, PRESIDENT PHONE: 800477-6686 ROOBERT.ROOS@THEPRONTONETWORK.COM | TRADE PAYABLE | | | | $166,495.65 |

Debtor: Lumileds Holding B.V.                                          Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27  CHONGQING SILIAN OPTOELECTRONICS 99 TONGXI ROAD,CAIJIAGANG TOWN CHONGQING  400707 CHINA | CONTACT: AMY PHONE: 86-18696606161 FAX: 86236826-9597 ZHANGJUAN@SILIANOPTO.COM | TRADE PAYABLE | | | | $157,500.00 |
| 28  INSIGHT DIRECT USA, INC. 6820 SOUTH HARL AVENUE TEMPE, AZ  85283-4318 | CONTACT: GINO BUJAWE PHONE: 800.700.1000 LUMILEDS@INSIGHT.COM | TRADE PAYABLE | | | | $153,470.02 |
| 29  SERVICE BY MEDALLION 455 NATIONAL AVENUE MOUNTAIN VIEW, CA  94043 | CONTACT: ELIAS NACIF PHONE: 650-625-1010 X12 FAX: 650625-1043 DGODINEZ@SERVICEBYMEDALLION.COM | TRADE PAYABLE | | | | $145,798.85 |
| 30  ROUNDSTONE SOLUTIONS INC 1485 BAYSHORE BOULEVARD, 181 SAN FRANCISCO, CA  94124 | CONTACT: TIM JOYCE, CEO PHONE: 925217-1177 SALES@ROUNDSTONESOLUTIONS.COM | TRADE PAYABLE | | | | $137,174.00 |

**WRITTEN RESOLUTIONS OF THE MANAGEMENT BOARD
OF
LUMILEDS HOLDING B.V.**

Dated 28 August 2022

**THE UNDERSIGNED:**

I.      **RONALD VICTOR DIETZ**,

II.     **MATTHEW JOHN RONEY**, and

III.    **VICTOR ROB TIJMEN TITZING**,

acting in their capacity of managing directors of **Lumileds Holding B.V.,** a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*), incorporated under the laws of the Netherlands, having its corporate seat (*statutaire zetel*) in Amsterdam, the Netherlands, its principal place of business at Evert van de Beekstraat 1, The Base, Tower B5 unit 107, 1118 CL Schiphol, the Netherlands and registered with the trade register (*handelsregister*) of the Chamber of Commerce (*Kamer van Koophandel*) under number 61778737 (the "**Company**"), and together constituting the entire board of managing directors (*bestuur*) of the Company (the "**Management Board**").

**WHEREAS:**

A.      The Management Board, together with Luminescence Coöperatief U.A. ("**Luminescence**") and Luminescence's subsidiaries the **"Group"**, has reviewed and analysed the materials presented by outside financial and legal and other advisors of the Company regarding the financial condition, capital structure, liquidity position, business model and projections, short- term and long-term prospects of the Group, and the Company therein, the restructuring and other strategic alternatives available to it, and the impact of foregoing on the business, and has determined, that the following resolutions are in the best interests of the Company, and its creditors.

B.      The Management Board has determined, in light of the aforementioned advice, that it is in the best interest of the Company and the Group, their creditors, employees, and other stakeholders generally that the Company effectuate the restructuring through a bankruptcy case (the "**Bankruptcy Case**") and file or cause to be filed a voluntary petition (the "**Petition**") for relief under the

provisions of Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") or other court of competent jurisdiction and to file key "first day" and "second day" pleadings that would be proposed to be made by the Company in connection therewith (the "**Initial Filings**").

C.     The Management Board has reviewed and evaluated the proposed Restructuring Support Agreement (the "**Restructuring Support Agreement**") by and among certain Group entities, certain of their creditors, and certain other parties, which agreement contemplates a comprehensive restructuring of the Group's capital structure on the terms and subject to the conditions set forth therein.

D.     The Management Board has determined it is advisable and in the best interests of the Company, its creditors, stakeholders, and other interested parties for the Company to make the Initial Filings and to conduct the business of the Company as contemplated thereby, including without limitation to continue to participate in a centralized cash management system (the "**Cash Management System**"), and to provide adequate protection to the Company's secured creditors in order to utilize their cash collateral ("**Cash Collateral**").

E.     The Management Board has determined that it is advisable that Aurora Borealis B.V., a private limited liability company (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under the laws of the Netherlands, Bright Bidco B.V., a private limited liability company (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under the laws of the Netherlands (the "**Borrower**"), enter into that certain Senior Secured Super-Priority Term Loan Debtor-in-Possession Credit Agreement, dated as of the date hereof (as amended, restated, supplemented or otherwise modified from time to time, the "**DIP Credit Agreement**" and, together with all agreements, documents, and instruments to be delivered or executed in connection therewith, the "**DIP Documents**") with the lenders party thereto from time to time and Deutsche Bank AG New York Branch, as administrative agent and collateral agent (the "**DIP Agent**"), providing for the extension of credit to the Borrower in the aggregate amount of $275 million contemplated by the DIP Documents (the "**DIP Facility**").

F.     Pursuant to article 14.6 of the Company's articles of association the Management Board may adopt resolutions without holding a meeting, provided all members of the Management Board have been consulted and none of them have raised objections against adopting resolutions in this manner.

**RESOLVE:**

### *Chapter 11 Filing*

1.     to authorize the Company to file or cause to be filed the Petition for relief under Chapter 11 of the Bankruptcy Code;

2.     to authorize each member of the Management Board in their discretion, and each of them acting alone, as well as Mr Jan Paul Teuwen, Chief Financial Officer of Lumileds (each, an "**Authorized Officer**" and collectively, the "**Authorized Officers**"), to execute and verify such Petition and to cause the same to be filed with the Bankruptcy Court, in such form and at such time as the Authorized Officer executing such petition shall, in his discretion, determine, with the power of substitution for any of the foregoing;

3.     to authorize each of the Authorized Officers to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, on behalf of the Company, the Petition and the Initial Filings, including all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other necessary papers or documents, including any amendments thereto, and, in connection therewith, and to take any and all actions that they deem necessary or proper to obtain such relief pursuant to Chapter 11 of the Bankruptcy Code, with the power of substitution for any of the foregoing;

### *Restructuring Support Agreement*

4.     to authorize and approve the Company to document, execute, and deliver the Restructuring Support Agreement;

5.     to authorize and approve each other agreement, document, and instrument contemplated by the Restructuring Support Agreement to be executed or delivered by the Company;

- 4 -

6.      to authorize, empower and direct each of the Authorized Officers, in the name and on behalf of the Company, to document, execute, and deliver the Restructuring Support Agreement, as the same may be amended, supplemented, or modified, as such Authorized Officers may in his discretion consider necessary, proper, or desirable, the execution thereof by such Authorized Officers to be conclusive evidence of such determination, and to negotiate, document, execute, and deliver such other documents and to take any and all such further action which such Authorized Officer determines to be necessary, proper or desirable in order to effectuate the Restructuring Support Agreement, with the power of substitution for any of the foregoing;

7.      to authorize, empower and direct each of the Authorized Officers, with full power of delegation, on behalf of and in the name of the Company, to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement, or otherwise modify from time to time, all necessary or appropriate documents, whether under hand or under seal (and each Authorized Officer is hereby authorized to sign a document underseal), including, without limitation, deeds, petitions, affidavits, schedules, motions, lists, applications, pleadings, and other documents, agreements, and papers, including any and all loan agreements, documents, notes, guaranties, security agreements, pledge agreements, and all other documents, agreements, or instruments as may be deemed necessary, proper or desirable by such Authorized Officer, and to take any and all actions, including the grant of new liens, security and payment of adequate protection amounts, that such Authorized Officer deems necessary or appropriate, each in connection with the Bankruptcy Case, any usage of cash collateral and other collateral under the Company and/or the Group's secured credit facilities contemplated hereby or thereby, with the power of substitution for any of the foregoing;

### *Financing*

8.      to authorize and approve the Company to (i) enter into and implement in all respects the transactions contemplated therein, including the incurrence of obligations under, and granting of liens to secure, the DIP Facility, and (ii) continue to use the Cash Collateral and other collateral under the existing secured credit facility in the ordinary course of business (the "**DIP/Cash Collateral Orders**") in each case subject to approval by the Bankruptcy Court;

9.      to authorize the form, terms and provisions of each of the proposed DIP/Cash Collateral Orders and the DIP Documents substantially in the form presented to the Company, including the use of proceeds to provide liquidity for the Company throughout the Bankruptcy Case, substantially on the terms and conditions set forth in the proposed DIP/Cash Collateral Orders and the DIP Documents and the performance by the Company of its obligations thereunder;

10.     to authorize the Company to incur the obligations and to undertake any and all related transactions contemplated under the DIP Documents and to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP/Cash Collateral Orders and DIP Documents to secure all of the obligations and liabilities of the Company thereunder to the agents and lenders thereunder, and to authorize, execute, verify, file and/or deliver to the agent, on behalf of the Company, all agreements, documents and instruments required by the lenders in connection with the foregoing;

11.     to authorize the Company to and deliver any and all agreements, instruments, or documents necessary to implement the DIP/Cash Collateral Orders and the DIP Documents, as well as any additional or further agreements for the use of Cash Collateral in connection with the Bankruptcy Case, which agreement(s) may require the Company to grant liens to its existing lenders, and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith;

### *Retention of Professionals*

12.     to authorize and approve the Company to employ and retain Latham and Watkins LLP ("**L&W**"), as general reorganization and bankruptcy counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul Weiss**"), as special financing and employee compensation counsel, AlixPartners, LLP ("**AlixPartners**"), as financial advisor, Evercore Inc. ("**Evercore**"), as investment banker, and Epiq Corporate Restructuring, LLC ("**Epiq**" and, collectively with L&W, Paul Weiss, AlixPartners, and Evercore, the "**Professionals**"), as claims and noticing agent, in connection with the Bankruptcy Case and to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of each of the Professionals;

### *General*

13.　to adopt, ratify, confirm and approve in all respects as the acts and deeds of the Company all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Company under Chapter 11 of the Bankruptcy Code or in connection with such proceedings;

14.　to approve, confirm and ratify any and all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company prior to the date of this consent in all respects as the true acts and deeds the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Company;

15.　to authorize, empower and direct each of the Authorized Officers, in the name and on behalf of the Company, to cause the Company to take any action, as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable to put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions including, without limitation, the voting of any interests in, or passing of any resolutions of, any corporate body in which the Company holds stock, shares or voting interests, with the power of substitution for any of the foregoing;

16.　to authorize, empower and direct each of the Authorized Officers, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper and desirable to prosecute to a successful completion of the Bankruptcy Cases, and the entry into, certification or delivery of any agreement, instruments, motions, affidavits, applications for approval or ruling in connection or relating thereto, and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions, with the power of substitution for any of the foregoing; and

17.     that any facsimile or other electronic signature of a member of the Management Board to these resolutions shall be fully effective as an original signature hereto.

**CONFIRMATIONS AND DECLARATIONS:**

(a)     the Company does not have regulations and/or other rules adopted by any of the Company's corporate bodies that would preclude the Management Board from validly adopting the foregoing resolutions;

(b)     apart from the resolutions as contained herein, the Management Board has not been informed that a resolution has been adopted concerning a statutory merger  or division of the Company, in each case involving the Company as disappearing entity or concerning a conversion of the Company, nor has it been informed that a resolution concerning a voluntary liquidation of the Company or the filing of a request for its bankruptcy has been adopted and no resolution has been adopted concerning a suspension of payments, nor have the Company's assets been placed under administration. The Company has not received a notice from the Chamber of Commerce or a court concerning the Company's dissolution under section 2:19a or 2:21 of the Dutch Civil Code and the Company is not the subject of a similar procedure in any jurisdiction;

(c)     each member of the Management Board confirms not to have a direct or indirect personal conflict of interest with the Company within the meaning of section 2:239, paragraph 5 and paragraph 6 of the Dutch Civil Code or the Company's articles of association, in respect of participating in the decision making and adoption of the foregoing resolutions;

(d)     at the date hereof none of the undersigned has been disqualified or suspended by the court as a director under sections 106a through 106e pf the Dutch Bankruptcy code and to the best knowledge of the Management Board no request has been filed for such disqualification or suspension;

(e)     there is no works council or European works council, whose advice on the Company's entry into and performance of the documents and the transactions in respect of the foregoing resolutions must be sought under or pursuant to the Dutch Works Councils Act, or otherwise, nor has the Management Board been requested to establish a works council and no works council is in the process of being or required to be established;

(f)     the Company does not have a board of supervisory directors (*raad van commissarissen*).

*- Signature page to follow -*

These resolutions may be signed in counterparts and were adopted on the date first set out above.


_____
**Ronald Victor Dietz**
Title: Director


_____
**Matthew John Roney**
Title: Director


_____
**Victor Rob Tijmen Titzing**
Title: Director

These resolutions may be signed in counterparts and were adopted on the date first set out above.

_____
**Ronald Victor Dietz**
Title: Director


_____
**Matthew John Roney**
Title: Director


_____
**Victor Rob Tijmen Titzing**
Title: Director

*MB Resolution Lumileds Holding B.V.*

These resolutions may be signed in counterparts and were adopted on the date first set out above.

_____

**Ronald Victor Dietz**
Title: Director

_____

**Matthew John Roney**
Title: Director

_____

**Victor Rob Tijmen Titzing**
Title: Director

*MB Resolution Lumileds Holding B.V.*